**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 6 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BURNA THARP, ZYKARAH BENJAMIN,**                              **PLAINTIFFS**
**TAKEYRAH CLEVELAND, JOHN GARDNER,**
**SABRINA MILLS and RITHEA NEAL**

vs.                                    No. 4:21-cv-__341- DPM__

**PALCO, INC.**    This case assigned to District Judge __Marshall__          **DEFENDANT**
                   and to Magistrate Judge __Kearney__

<u>**ORIGINAL COMPLAINT**</u>

COME NOW Plaintiffs Burna Tharp, Zykarah Benjamin, Takeyrah Cleveland, John Gardner, Sabrina Mills and Rithea Neal (collectively "Plaintiffs"), by and through their attorneys Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint ("Complaint") against Defendant Palco, Inc. ("Defendant"), they state and allege as follows:

**I.      PRELIMINARY STATEMENTS**

1.      This is an action against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2.      Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper wages under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Defendant does business in this district and a substantial part of the events alleged herein occurred within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff Burna Tharp is an individual and resident of Ouachita Parish, Louisiana.

9. Plaintiff Zykarah Benjamin is an individual and resident of Faulkner County.

10. Plaintiff Takeyrah Cleveland is an individual and resident of Chicot County.

11. Plaintiff John Gardner is an individual and resident of Pulaski County.

12. Plaintiff Sabrina Mills is an individual and resident of Pulaski County.

13. Plaintiff Rithea Neal is an individual and resident of Union County.

14. Defendant is a domestic, for-profit corporation.

15. Defendant's registered agent for service is Larry A. Paladino, at 17300 Chenal Parkway, Suite 300, Little Rock, Arkansas 72223.

16. Defendant, in the ordinary course of its business, maintains a website at https://palcofirst.com/.

### IV.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Defendant works with the Arkansas Independent Choices program to facilitate home health care.

19. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

20. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendant employed Plaintiffs as home health care workers within the last three years.

24. As home health care workers, Plaintiffs assisted their clients with personal care, bathing, grooming, cleaning and preparing meals.

25. The wages Plaintiffs received from Defendant were provided by the Independent Choices program.

26. Defendant interviewed each Plaintiff before hiring them.

27. Defendant retained the power to fire Plaintiffs.

28. Defendant monitored the number of hours Plaintiffs worked, including requiring Plaintiffs to send timecards directly to Defendant.

29. Plaintiffs received paychecks directly from Defendant.

30. Defendant performed periodic assessments of both Plaintiffs and their clients at the clients' homes.

31. Defendant kept at least some records regarding Plaintiffs' employment.

32. Defendant failed to pay Plaintiffs for all the hours they worked.

33. For example, Defendant failed to pay Plaintiffs when Plaintiffs made any error on their timesheet or in the submission of their timesheet, and Defendant did not always ensure that Plaintiffs were ultimately paid.

34. Additionally, Defendant refused to provide Plaintiffs with "retroactive pay," even when the necessity for retroactive pay arose from Defendant's administrative errors.

35. Defendant knew or should have known that it failed to pay Plaintiffs for all hours worked.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.     FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

37.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

38.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

41.     Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

42.     Defendant failed to pay some Plaintiffs a minimum wage for all hours worked.

43.     Defendant failed to pay Plaintiffs a proper overtime rate for all hours worked over forty each week.

44.     Defendant knew or should have known that its actions violated the FLSA.

45.     Defendant's conduct and practices, as described above, was willful.

46.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

47. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF—VIOLATION OF THE AMWA

49. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

50. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

51. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

52. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

53. Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

54. Defendant failed to pay Plaintiffs a minimum wage for all hours worked.

55. Defendant failed to pay Plaintiffs a proper overtime rate for all hours worked over forty each week.

56. Defendant knew or should have known that its practices violated the AMWA.

57. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Burna Tharp, Zykarah Benjamin, Takeyrah Cleveland, John Gardner, Sabrina Mills and Rithea Neal respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiffs for all unpaid minimum wage and overtime premiums under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the AMWA, and their related regulations;

D. An order directing Defendant to pay Plaintiffs prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BURNA THARP, ZYKARAH BENJAMIN, TAKEYRAH CLEVELAND, JOHN GARDNER, SABRINA MILLS and RITHEA NEAL, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Courtney Lowery
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com